IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

**JAN 2 6 2006**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | | |
|---|---|---|
| DENNIS EARL FULBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-03-99-W |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| JON ANDREW COTTRIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-03-125-W |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| JERRY HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-03-1465-W |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Dennis Earl Fulbright, Jon Andrew Cottriel and Jerry Harmon brought these now consolidated actions seeking preliminary and permanent prospective injunctive relief under title 42, section 1983 of the United States Code for the alleged deprivation of their right under the first amendment to the United States Constitution to exercise freely their Orthodox Jewish religion.  The controversy in each case centered on the refusal of the Oklahoma Department of Corrections ("DOC") to provide a Kosher diet. On January 21,

2005, a preliminary injunction was granted and the DOC was ordered to provide these three plaintiffs a Kosher diet at no cost. The cases were then re-referred to United States Magistrate Judge Gary M. Purcell for further proceedings, including a determination whether permanent injunctive relief was warranted.

The matter now comes before the Court on Magistrate Judge Purcell's Third Supplemental Report and Recommendation wherein Magistrate Judge Purcell has recommended that the Court grant judgment in favor of the plaintiffs and order that the preliminary injunction issued in this matter be made permanent. The parties were advised of their right to object, and defendant Justin Jones has filed an Objection[1] to the Third

_____

[1]Relying upon the doctrine of mootness, Jones previously argued that he was entitled to dismissal because he had admitted that the three plaintiffs were entitled to a Kosher diet. As the Court noted in its Order on January 6, 2006, "'[i]f the successor in fact does disavow the policy of his predecessor, he can make that showing and if this does make the suit moot, tested by usual standards, it should be dismissed as such.' C. Wright, A. Miller & M. Kane, 7C Federal Practice and Procedure § 1960, at 578 (2d ed. 1986)." Order at 3 (January 6, 2006). The Court further noted that "[a]s a general rule, '"a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."' Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Services, 532 U.S. 598, 609 (2001)(quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 189 (2000))." Order at 3 (January 6, 2006).

If the burden of persuading this Court that the challenged conduct cannot reasonably be expected to recur falls on Jones, the party asserting mootness, e.g., Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000)(quoting Friends of the Earth, 528 U.S. at 189 (quoting United States v. Concentrated Phosphate Export Association, Inc., 393 U.S. 199, 203 (1968)))(emphasis deleted), the Court REAFFIRMS as it so found on January 6, 2006, that Jones did not meet this burden.

If, on the other hand, in confronting Jones' assertion that these actions are moot, the plaintiffs are charged with the burden of showing that there is a substantial need to continue this litigation, the Court finds that the plaintiffs have met this burden and to this extent, the Court's Order of January 6, 2006, is so AMENDED to reflect this finding.

Jones testified at his deposition that Fulbright, Cottriel and Harmon are constitutionally entitled to Kosher meals, see Deposition of Justin Jones (November 21, 2005) at 15, 23 (hereafter "Deposition"), and the plaintiffs admitted that DOC "began attempting to provide . . . Kosher diets that satisfied the nutritional value standards of the [American Correctional Association] in approximately March . . . 2005 . . . ." Plaintiffs' Objection and Response at 2 (November 28, 2005).

However, Jones likewise admitted that a successor DOC director would not be obligated to continue current DOC policies. Deposition at 49. Despite the fact Jones stated that he did not intend to continue the conduct which gave rise to these lawsuits and regardless of which party has the burden of proof, the Court REAFFIRMS that in light of former DOC policy coupled with DOC's vigorous resistance and opposition to providing Kosher diets to these inmates that there is no absolute assurance that the alleged first amendment violation will not occur in the future, e.g., 528 U.S. at 189 (events must make it absolutely clear that allegedly wrongful behavior could not reasonably be expected to recur), or absolute assurance that these three plaintiffs

Supplemental Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of these matters. In so doing, the Court addresses the issued raised in Jones' Objection: whether Jones, who like his predecessors-in-office has been sued in his official capacity as DOC Director, is entitled to the immunity provided by the eleventh amendment to the United States Constitution.

Ron Ward in his official capacity as DOC Director was the original defendant. Upon Ward's retirement, Edward L. Evans, DOC Deputy Director of Administration, was appointed DOC Interim Director, and Evans was automatically substituted as party defendant pursuant to Rule 25(d)(1), F.R.Civ.P. Jones, upon his appointment as DOC Director, was likewise automatically substituted as party defendant for Evans pursuant to Rule 25(d)(1), supra. See Order (December 1, 2005); see also Order (November 1, 2005).

The Advisory Committee Notes to Rule 25(d)(1) provide that a "successor is automatically substituted as a party without an application or showing of need to continue the action," Advisory Committee Notes, 1961 Amendment, and that

"[a]utomatic substitution . . . , being merely a procedural device for substituting a successor for a past officeholder as a party, is distinct from and does not affect any substantive issues which may be involved in the action. Thus a defense of immunity from suit will remain in the case despite a substitution."

Id.

The Advisory Committee Notes to Rule 25(d)(1) further provide that

"[t]he expression 'in his official capacity' is to be interpreted in its context as part of a simple procedural rule for substitution; care should be taken not to

will not be disadvantaged in the same fundamental way.

distort its meaning by mistaken analogies to the doctrine of sovereign immunity from suit or the Eleventh Amendment. The . . . rule will apply . . . to any action brought in form against a named officer, but instrinsically against the government or the office or the incumbent thereof whoever he may be from time to time during the action. Thus the . . . rule will apply to actions against officers to compel performance of official duties or to obtain judicial review of their orders. . . . In general it will apply whenever effective relief would call for corrective behavior by the one then having official status and power . . . ."

Id. (citations omitted).

The Court finds Jones is not entitled to any immunity afforded by the eleventh amendment. Automatic substitution under Rule 25(d)(1) was procedurally appropriate and proper in these cases since it is clear that a controversy continues to exist between the plaintiffs and this defendant in his official capacity. The requested injunctive relief–the purpose for which is to obtain relief against the one who occupies the office of DOC Director at the time of judgment–is necessary since the record establishes that there is no absolute assurance that the constitutional deprivations will not recur.

Jones has also argued that he is entitled to judgment as a matter of law on the plaintiffs' claims. In so doing, Jones has merely directed the Court's attention to the arguments and authorities presented in his Motion for Summary Judgment and reply thereto filed in each case. The Court has reviewed the same, and finds Jones is not entitled to judgment in his favor.

Accordingly, the Court

(1) ADOPTS the Third Supplemental Report and Recommendation issued on September 8, 2005, in each of these three cases;

(2) GRANTS the Motions for Summary Judgment filed on April 26, 2005, respectively, by Fulbright in No. CIV-03-99-W [Doc. 80], by Cottriel in No. CIV-03-125-W

4

[Doc. 91] and by Harmon in No. CIV-03-1465-W [Doc. 54];

(3) DENIES the Motions for Summary Judgment filed by Jones on May 11, 2005, respectively, in No. CIV-03-99-W [Doc. 88], No. CIV-03-125-W [Doc. 98] and No. CIV-03-1465-W [Doc. 61]; and

(4) DIRECTS the plaintiffs to submit with seven (7) days for this Court's approval and execution a proposed judgment reflecting the disposition of these three cases and setting forth the terms of the permanent injunction suggested by Magistrate Judge Purcell in his Third Supplemental Report and Recommendation and hereby approved by this Court.

ENTERED this 26th day of January, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE