IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS EARL FULBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-03-99-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JON COTTRIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-03-125-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JERRY HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-03-1465-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

FOURTH  SUPPLEMENTAL  REPORT  AND  RECOMMENDATION

In January 2003, Plaintiffs Jones, Fulbright, and Cottriel, who are or were state inmates, filed separate 42 U.S.C. § 1983 actions in this Court. Jones v. Ward, Case No. CIV-

1

03-98-A; Fulbright v. Ward, Case No. CIV-03-99-A; Cottriel v. Ward, Case No. CIV-03-125-A. In substantially identical Complaints, the three Plaintiffs each alleged that his First Amendment right to freely exercise his Orthodox Judaism religion was violated by Defendant Ward's refusal to grant his request for a kosher diet. Each Plaintiff sought only injunctive relief against Defendant Ward in his official capacity as the Director of the Oklahoma Department of Corrections ("ODOC") to secure the provision of a Kosher diet consistent with the principles of Orthodox Judaism and that satisfied the nutritional value standards set by the American Correctional Association at no charge to the Plaintiffs.

On June 6, 2003, former United States District Judge Wayne Alley entered an order consolidating the three cases. Doc. # 15, Case No. CIV-03-98-A (Order, June 6, 2003)(Alley, Wayne E., D.J.). The consolidated action was referred to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). Subsequently, Plaintiff Jones was dismissed from the consolidated action as Plaintiff Jones was no longer in custody. Doc. # 16, Case No. CIV-03-98-A (Order, Aug. 11, 2003)(Alley, Wayne E., D.J.). On February 6, 2004, the remaining consolidated cases were reassigned to United States District Judge Lee West for all further proceedings. Doc. # 42, Case No. Civ-03-99-W; Doc. # 52, Case No. CIV-03-125-W. The cases were again referred to the undersigned Magistrate Judge for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). With the consolidated actions filed by Plaintiffs Fulbright and Cottriel, the undersigned Magistrate Judge joined a similar action filed by a third Plaintiff, Mr. Harmon, in Case No. CIV-03-1465-W.

Plaintiffs filed *pro se* motions for a preliminary injunction, and counsel was appointed

to represent the Plaintiffs. Thereafter, an evidentiary hearing on the motions was conducted. In a Second Supplemental Report and Recommendation the undersigned recommended that the motions for preliminary injunction be granted. In January 2005, the recommendation was adopted, and Defendant Ward was ordered to provide "these three plaintiffs a kosher diet at no cost to them until further Order of the Court." Doc. # 70, Case No. CIV-03-99-W (Order, Jan. 21, 2005)(West, Lee, D.J.); Doc. # 79, Case No. CIV-03-125-W (Order, Jan. 21, 2005)(West, Lee, D.J.); Doc. # 44, Case No. CIV-03-1465-W (Order, Jan. 21, 2005)(West, Lee, D.J.).

In an Order entered April 21, 2005, Judge West, citing 28 U.S.C. § 3626(a)(1), found that the preliminary injunction issued by the Court was "narrowly drawn, extend[ed] no further than necessary to correct the violation of the plaintiffs' right to the free exercise of their religion guaranteed by the free exercise clause of the first amendment to the United States Constitution and [was] the least intrusive means necessary to correct this violation." Based on these findings Judge West extended the preliminary injunction beyond April 25, 2005, the date on which it was set to expire. Doc. # 78, Case No. CIV-03-99-W (Order, April 21, 2005)(West, Lee, D.J.); Doc. # 89, Case No. CIV-03-125-W (Order, April 21, 2005)(West, Lee, D.J.); Doc. # 52, Case No. CIV-03-1465-W (Order, April 21, 2005)(West, Lee, D.J.).

In December 2005, Defendant Jones, in his official capacity as the Director of ODOC, was automatically substituted for former ODOC Director Ward pursuant to Fed.R.Civ.P. 25(d)(1). Doc. # 126, Case No. CIV-03-99-W (Order, Dec. 1, 2005)(West, Lee, D.J.); Doc.

# 137, Case No. CIV-03-125-W (Order, Dec. 1, 2005)(West, Lee, D.J.); Doc. # 98, Case No. CIV-03-1465-W (Order, Dec. 1, 2005)(West, Lee, D.J.).

Motions for summary judgment filed by the Plaintiffs were granted by the Court, and in the Judgment entered February 8, 2006, Judge West issued a permanent injunction ordering Defendant Jones, in his official capacity as the ODOC Director, to "immediately provide to the plaintiffs Kosher diets at no cost. Such diets shall comply with all nutritional requirements and standards currently applicable to the diets served to all other inmates in the custody of the [ODOC]." Doc. # 134, Case No. CIV-03-99-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.); Doc. # 145, Case No. CIV-03-125-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.); Doc. # 106, Case No. CIV-03-1465-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.). On July 28, 2006, the Tenth Circuit Court of Appeals dismissed the appeal of the consolidated cases based on a stipulation of dismissal filed by the parties. Cottriel, et al., v. Evans, et al., Nos. 06-6099, 06-6163 (10th Cir. July 28, 2006)(unpublished order).[1]

On September 15, 2011, Plaintiff Harmon moved for contempt. In an Order entered December 22, 2011, District Judge West made the following findings:

> Prior to the entry of judgment in this case, DOC in 2005 enacted
> a protocol for Kosher Menu Preparation and Serving . . . and all

---

[1] ODOC's public records reflect that Plaintiff Fulbright was released from ODOC custody in June 2010. http://www.doc.state.ok.us/offenders/offenders.htm (offender lookup last accessed August 10, 2012).

> DOC facilities were instructed on the preparation, service and delivery of kosher meals. . . . It is undisputed that Harmon, while housed in DOC medium security prisons, received a Kosher diet in compliance wit the Court's Judgment for Permanent Prospective Injunctive Relief and DOC Kosher Diet Protocol and that those correctional facilities that follow DOC policy do not violate Kosher law.

Doc. # 158, Case No. CIV-03-1465-W (Order, Dec. 22, 2011)(West, Lee, D.J.). The Court denied Plaintiff Harmon's motion for contempt and found that Defendant Jones had "made considerable and diligent efforts not only to substantially comply with the Court's Judgment for Permanent Prospective Injunctive Relief but also to ensure continued compliance and to resolve complaints lodged by Harmon." Id. The Court also ordered that its Judgment for Permanent Prospective Injunctive Relief issued on February 8, 2006, continue in force and effect. Id.

All of this litigation history brings the matter to the recent date of June 28, 2012, when a non-party, Fred Smith, filed in the three consolidated actions a Motion for Finding of Contempt Or For a Supplementary Order. Doc. # 166, Case No. CIV-03-99-W; Doc. # 177, Case No. CIV-03-125-W; Doc. # 160, Case No. CIV-03-1465-W. Mr. Smith states in his Motion that he follows the dietary mandates of Orthodox Judaism and that he is an "intended third party beneficiary of this Court's judgment for permanent prospective [injunctive] relief . . . ." Motion, at 1. He alleges that the private prison where he is confined, the Davis Correctional Facility ("DCF") in Holdenville, Oklahoma, is not adhering to ODOC policy concerning the provision of Kosher meals because the facility has instituted a new policy in which meals will be prepared at the facility with non-Kosher kitchen tools and with no fresh


vegetables and no meat. Further, he alleges that the new Kosher menu at DCF does not satisfy the calorie requirements of the American Dietetic Association for adult males and is not comparable to the daily caloric portions served to other inmates not on the Kosher meal plan. He requests that the Court issue a finding of contempt and/or "issue an apporate [sic] supplemental order, such that he is provided with a kosher diet . . . . that is nutritionally adequate and properly prepared." Motion, at 3.

Mr. Smith's motion seeking a contempt order and Defendant Jones' Motion to Amend Briefing Schedule have been referred to the undersigned pursuant to 28 U.S.C. § 636. Defendant Jones has now responded to Mr. Smith's motion, and Defendant Jones' Motion to Amend Briefing Schedule is denied as moot.

Civil contempt proceedings "are considered to be a part of the action from which they stem." F.T.C. v. Kuykendall, 371 F.3d 745, 756 (10th Cir. 2004). "Sanctions for civil contempt may only be employed . . . to compel or coerce obedience to a court order [and/or] to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992).

Mr. Smith is a non-party in this action, and he has not sought to intervene in the action pursuant to Fed.R.Civ.P. 24. Assuming that Mr. Smith is seeking permissive intervention in these consolidated cases, the rule requires that a motion seeking permissive intervention be "timely" made. Fed.R.Civ.P. 24(b)(1). In light of the lengthy time period that has passed since entry of the Judgment herein, any request by Mr. Smith to intervene in these

consolidated cases would not be "timely" under any stretch of the imagination. Consequently, the Court should deny his implied request to intervene in these cases.

Generally, a person must be named in the complaint to be a party in a federal action. Birmingham v. Experian Information Solutions, Inc., 633 F.3d 1006, 1020 (10th Cir. 2011). See Marino v. Ortiz, 484 U.S. 301, 304 (1988)(*per curiam*)(holding "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"); Raley v. Hyundai Motor Co., Ltd., 642 F.3d 1271, 1274 (10th Cir. 2011)("Generally speaking, only named parties to a lawsuit in the district court may appeal an adverse final judgment."); S. Utah Wilderness Alliance v. Kempthorne, 525 F.3d 966, 968 (10th Cir. 2008)(holding "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"). The Supreme Court recognized a narrow exception to this rule in Devlin v. Scardelletti, 536 U.S. 1, 7 (2002), in which the Court held that "nonnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." Id. at 14.

In these consolidated cases, class action status was neither requested nor granted by the Court. Therefore, Mr. Smith cannot seek contempt in this action as a non-named class member. Nor is Mr. Smith a third-party beneficiary of the previously-entered Judgment for Permanent Prospective Injunctive Relief. Nothing in the Judgment provided that it would be enforceable by all ODOC inmates. Rather, the Judgment was directed only to the claims of the named Plaintiffs.

The decision relied on by Mr. Smith, Floyd v. Ortiz, 300 F.3d 1223 (10th Cir. 2002),

provides no basis for this Court to invoke its civil contempt power. In Floyd, non-parties sought to enforce a consent decree issued by the district court in which there was "consensus" that the agreement "would benefit, and be enforceable by, all [Colorado Department of Corrections] inmates, not just the named plaintiffs." Id. at 1225. In that case, no separate Rule 58 judgment was entered in the action, and the action was never formally dismissed in accordance with the agreement of the parties. Id. The Tenth Circuit Court of Appeals recognized in Floyd that "[a] trial court retains jurisdiction to enforce consent decrees" and "intended third-party beneficiaries of consent decrees have standing to enforce those decrees" where the order of dismissal shows an intent to retain jurisdiction. Id. at 1226. The other case cited by Plaintiff, Hook v. State of Ariz., Dep't of Corr., 972 F.2d 1012 (9th Cir. 1992), also involved the issue of whether a non-party could seek to enforce a consent decree, and the court held that the non-party inmates could seek to enforce the consent decree which showed its purpose was to benefit all inmates and not just the named plaintiffs. Id. at 1015.

Defendant Jones asserts that Plaintiff lacks standing to enforce the injunction issued in favor of the named Plaintiffs in these consolidated cases. The undersigned finds Defendant Jones' argument persuasive. Unlike the non-parties in the Floyd and Hook decisions, Mr. Smith is not an "intended beneficiary" to enforce the permanent injunction because the injunction entered as part of the Judgment in these consolidated cases did not extend beyond the interests and claims of the named Plaintiffs. Pursuant to 18 U.S.C. § 3626(a)(1), "[a]ny prospective relief in any civil action with respect to prison conditions shall extend no further

than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." In imposing a permanent injunction upon Defendant Jones in his official capacity as ODOC Director, Judge West specifically tailored the injunction to address only the violation of the named Plaintiff's First Amendment rights. Additionally, the Court did not continue its jurisdiction over the matter and, instead, entered a final Judgment.

Under the circumstances present herein, permitting Mr. Smith to litigate his motion for contempt in these consolidated cases would effectively transform a civil contempt proceeding into a class action. Morever, there is no compelling need to allow Mr. Smith to litigate his motion in theses consolidated cases as he may bring a 42 U.S.C. § 1983 action seeking to vindicate a perceived violation of his own constitutional rights.[2] Accordingly, Mr. Smith's motion to intervene and/or to seek enforcement of the Injunction through this Court's civil contempt authority should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Mr. Smith's Motion for Finding of Contempt or for a Supplementary Order (Doc. # 166, Case No. CIV-03-99-W; Doc. # 177, Case No. CIV-03-125-W; Doc. # 160, Case No. CIV-03-1465-W) be DENIED. Defendant Jones' Motion to Amend Briefing Schedule is denied as moot. Mr. Smith is advised of the right to file an objection to this Fourth Supplemental Report and

---

[2] If Mr. Smith opts to file a 42 U.S.C. § 1983 action, he must, of course, first exhaust his administrative remedies in accordance with 28 U.S.C. § 1997e(a).

Recommendation with the Clerk of this Court by ﹎﹎September 4th﹎, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Fourth Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fourth Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ﹎13th﹎ day of ﹎August﹎, 2012.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE