IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**
SEP 26 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | | |
|---|---|---|
| DENNIS EARL FULBRIGHT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. CIV-03-99-W |
| JUSTIN JONES, Director, | ) | |
| Defendant. | ) | |
| JON ANDREW COTTRIEL, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. CIV-03-125-W |
| JUSTIN JONES, Director, | ) | |
| Defendant. | ) | |
| JERRY HARMON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. CIV-03-1465-W |
| JUSTIN JONES, Director, | ) | |
| Defendant. | ) | |

## ORDER

On August 13, 2012, United States Magistrate Judge Gary M. Purcell issued a Fourth Supplemental Report and Recommendation[1] in these consolidated matters. Non-

---

[1] For purposes of Case No. CIV-03-1465-W, the instant findings and recommendations should be entitled Fifth Supplemental Report and Recommendation. See id. Doc. 153.

party Fred Smith was advised of his right to object, and the matter now comes before the Court on Smith's Objection to Report and Recommendation.[2]

The three plaintiffs, Dennis Earl Fulbright, Jon Andrew Cottriel and Jerry Harmon, who are or were state inmates, had each alleged that his right under the free exercise clause of the first amendment to the United States Constitution to freely exercise his Orthodox Judaism religion was violated by the defendant's refusal to grant his request for a kosher diet. Each plaintiff had sought injunctive relief against defendant Ron Ward, then in his official capacity as Director of the Oklahoma Department of Corrections ("DOC"), to obtain, at no cost to the plaintiffs, a kosher diet that was consistent with the principles of Orthodox Judaism and that satisfied the nutritional value standards set by the American Correctional Association.

Adopting Magistrate Judge Purcell's findings and recommendations, the Court on January 21, 2005, first granted a preliminary injunction and ordered Ward "to provide these three plaintiffs a kosher diet at no cost to them until further Order of the Court." Case No. CIV-03-99-W, Doc 70 at 8; Case No. CIV-03-125-W, Doc. 79 at 8; Case No. CIV-03-1465-W, Doc. 44 at 8. The Court thereafter determined on April 21, 2005, in reviewing the preliminary injunction that it was "narrowly drawn, extend[ed] no further than necessary to correct the violation of the plaintiffs' right to the free exercise of their religion . . . and [was] . . . the least intrusive means necessary to correct this violation." Case No. CIV-03-99-W,

---

[2]The parties and Smith are familiar with the procedural history of this case, and the Court finds that it need not restate it except where applicable to Smith's challenges to Magistrate Judge Purcell's Fourth Supplemental Report and Recommendation.

Doc. 78 at 1-2 (citation omitted); Case No. CIV-03-125-W, Doc. 89 at 1-2 (citation omitted); Case No. CIV-03-1465-W, Doc. 52 at 1-2 (citation omitted).

On February 8, 2006, the Court entered a Judgment for Permanent Prospective Injunctive Relief ("Judgment") in favor of the three plaintiffs, after finding that a permanent injunction was "necessary to remedy a violation of these plaintiffs' right to freely exercise their Orthodox Jewish religion . . . ." Case No. CIV-03-99-W, Doc. 134 at 2; Case No. CIV-03-125-W, Doc. 145 at 2; Case No. CIV-03-1465-W, Doc. 106 at 2. Justin Jones, who had been substituted in his official capacity as DOC Director as the defendant in these cases pursuant to Rule 25(d)(1), F.R.Civ.P., was ordered "to immediately provide to the plaintiffs kosher diets at no cost." Case No. CIV-03-99-W, Doc. 134 at 2; Case No. CIV-03-125-W, Doc. 145 at 2; Case No. CIV-03-1465-W, Doc. 106 at 2. The Court further ordered that the "diets [provided these three plaintiffs by Jones] shall comply with all nutritional requirements and standards currently applicable to the diets served to all other inmates in . . . [DOC] custody . . . ." Case No. CIV-03-99-W, Doc. 134 at 2; Case No. CIV-03-125-W, Doc. 145 at 2; Case No. CIV-03-1465-W, Doc. 106 at 2.

On December 22, 2011, the Court addressed a challenge by Harmon, who had complained that after his transfer to certain minimum security facilities, he had not consistently received a kosher diet. In response to Harmon's request that Jones be held in contempt, the Court found "that Jones ha[d] made considerable and diligent efforts not only to substantially comply with the Court's Judgment . . . , but also to ensure continued compliance and to resolve [Harmon's] complaints . . . ." Id. Doc. 158 at 5. The Court further ordered that its Judgment "continue in force and effect[.]" Id.

3

In the instant challenge, Smith has stated that he too follows the dietary mandates of Orthodox Judaism and that he is "an intended third party beneficiary of this Court's [J]udgment . . . ." Case No. CIV-03-99, Doc. 166 at 1; Case No. CIV-03-125-W, Doc. 177 at 1; Case No. CIV-03-1465-W, Doc. 160 at 1. Smith is currently incarcerated at Davis Correctional Facility ("DCF"), a private prison owned and operated by Corrections Corporation of America, Inc. ("CCA"). He has stated that DCF has been providing kosher meals at no cost to him for several years that complied with DOC's kosher meal policy, OP-070202, Attachment A, but as of June 6, 2012, DCF was no longer adhering to DOC policy.

Smith has complained that CCA has instituted a new policy at its prisons that alters the content and preparation of kosher meals and that meals are prepared at these facilities, including DCF, with non-kosher kitchen tools. Smith has further asserted that the new kosher menu provided at DCF lacks meats and fresh vegetables and neither satisfies the calorie requirements of the American Dietetic Association for adult males, nor is comparable to the daily caloric portions served to those DCF inmates who are not receiving kosher meals. Smith has requested that the Court find Jones in contempt and issue an appropriate supplemental order, such that he (Smith) is provided with a kosher diet that is nutritionally adequate and properly prepared.[3]

---

[3] Rule 71, F.R.Civ.P., states that "when an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." To the extent, if any, Smith has relied upon Rule 71, the Court finds arguably that the rule provides no grounds for relief. Rule 71 does not permit third-party beneficiaries, even assuming Smith could be considered as such, to assert new claims against nonparties to the original proceedings.

It appears that the basis of Smith's Motion for Finding of Contempt or for a Supplementary Order is that on June 6, 2006, DCF "Chaplain, Brian Wideman, issued a memo to all facility kosher recipients, telling them of a major change in the kosher menu effective [June 19,] 2012." Case No. CIV-03-99, Doc. 166 at 2; Case No. CIV-03-125, Doc. 177 at 2; Case No. CIV-03-1465, Doc. 160 at 2. The "major change" about which Smith has complained resulted from CCA's decision to no longer adhere to DOC's kosher meal policy, OP-070202, Attachment A, and to implement a kosher

4

Upon de novo review, the Court concurs with Magistrate Purcell's findings and his suggested disposition of Smith's Motion for Finding of Contempt or for a Supplementary Order filed on June 28, 2012.

Accordingly, the Court

(1) ADOPTS the Fourth Supplemental Report and Recommendation[4] filed in these cases on August 13, 2012;[5]

(2) FINDS that the Judgment entered in this matter on February 8, 2006, pertains only to the claims pursued by Fulbright, Cottriel and Harmon against Jones[6] and contains

---

meal policy that mirrors the policies promulgated by the Bureau of Prisons and Immigrations and Customs Enforcement.

The issues surrounding, and prompting, CCA's decision were not the subject, and did not give rise to, the Judgment, and Smith has conceded that he is not "seeking to enforce any particular DOC policy," Case No. CIV-03-99-W, Doc. 180 at 3; Case No. CIV-03-125-W, Doc. 190 at 3; Case No. CIV-03-1465-W, Doc. 174 at 3, against the named defendants, but rather his complaint centers on his claim that the kosher menu crafted by CCA, a nonparty, violates DOC policy. See CIV-03-99-W, Doc. 180 at 3; Case No. CIV-03-125-W, Doc. 190 at 3; Case No. CIV-03-1465-W, Doc. 174 at 3.

[4] Smith has not sought to intervene in these consolidated matters pursuant to Rule 24, F.R.Civ.P. Accordingly, the Court makes no rulings with regard to Magistrate Judge Purcell's findings as to the timeliness of any request under Rule 24, supra.

[5] See Case No. CIV-03-99-W, Doc. 176; Case No. CIV-03-125-W, Doc. 185; Case No. CIV-03-1465-W, Doc. 167.

[6] In discussing the factors relevant to the entry of a preliminary injunction, the Court noted "that supplying a kosher diet at no charge to these three plaintiffs and ultimately, to others who request the same as a result of sincerely held religious beliefs would most certainly impact DOC's budget and result in increased costs." Case No. CIV-03-99-W, Doc. 70 at 5; Case No. CIV-03-125-W, Doc. 79 at 5; Case No. CIV-03-1465-W, Doc. 44 at 5. The Court's brief reference to other DOC inmates should not be read as a broad grant of authority to other DOC prisoners, then or now incarcerated, who had or have expressed a sincerely-held religious belief, to seek enforcement of the relief provided in, or by, the Judgment.

5

no language that permits it to be enforced by all DOC inmates,[7] see 18 U.S.C. § 3626(a)(1);[8]

---

[7] In Floyd v. Ortiz, 300 F.3d 1223 (10th Cir. 2002), on which Smith has first relied, the inmates sought a permanent injunction directing the Colorado Department of Corrections and its executive director to place inmate funds into income-producing accounts, with the income to be used for the benefit of the ten named plaintiffs as well as for the benefit of other inmates similarly situated, and ordering the defendants to promulgate rules, regulations and procedures that would govern the use of canteen funds.

As United States Court for Appeals for the Tenth Circuit noted, "[f]ollowing negotiations and a hearing, the parties entered into a Stipulation and Agreement ('Agreement')[, and] . . . there was general assent as to most terms, as well as consensus that the Agreement would benefit, and be enforceable by, all DOC inmates, not just the named plaintiffs." 300 F.3d at 1225.

In Hook v. State of Arizona, 972 F.2d 1012 (9th Cir. 1992), which Smith has also cited, eleven inmates had complained in 1973 about the mail policies promulgated by the Arizona Department of Corrections ("ADOC"). In resolving the dispute, the defendant "presented a comprehensive scheme of mail regulations as a proposed consent decree[, which] . . . [t]he inmates and the court accepted . . . as [a] . . . consent decree, and the case was closed." 972 F.2d at 1013. After ADOC changed the mail regulations, 265 inmates brought suit in 1990 to enforce the 1973 consent decree. None of the 265 inmates had been a party to the earlier decree.

The United States Court of Appeals for the Ninth Circuit determined that "enforcement of [the] consent decree[ ] . . . [was] governed by the established contract principle that non-parties, as intended third party beneficiaries, may enforce an agreement," id. at 1014 (citation omitted), and held that the 265 inmates were intended benefits of the 1973 consent decree and thus, had standing to enforce that decree.

Unlike these two decisions, the Court did not issue a consent decree, and there is no indication in the record that the Judgment was entered to benefit, and/or was to be enforceable by, all inmates, although it cannot be disputed that other DOC inmates have subsequently benefitted from DOC policy outlining the protocol for preparing and serving kosher meals that was enacted in 2005, while these consolidated cases were pending. See DOC OP-070202, Attachment A.

[8] 18 U.S.C. § 3626 outlines appropriate remedies with respect to prison conditions. Subsection 3626(a)(1)(A) provides in connection with prospective relief that such

> relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

(3) DENIES Smith's Motion for Finding of Contempt or for a Supplementary Order[9] filed on June 28, 2012;

(4) DECLINES Smith's request to "transform[ ] this . . . proceeding into something similar to a class action . . . ," Case No. CIV-03-99, Doc. 180 at 5; Case No. CIV-03-125-W, Doc. 190 at 5; Case No. CIV-03-1465-W, Doc. 174 at 5;

(5) deems MOOT Jones' Motion to Amend Briefing Schedule[10] filed on July 18, 2012;

(6) because a reply would not have aided Magistrate Judge Purcell in his resolution of the issues referred to him or the Court in its consideration of the Fourth Supplemental Report and Recommendation, deems MOOT Smith's Motion for Leave to Reply to Defendant's Response filed on August 10, 2012;[11] and

(7) DIRECTS the Clerk of the Court to mail a copy of this Order to Fred Smith, #218694, CCA Davis Correctional Facility, 6888 East 133rd Road AN-146, Holdenville, OK 74848 and show proof of the same in the records.

ENTERED this 26th day of September, 2012.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[9] See Case No. CIV-03-99-W, Doc. 166; Case No. CIV-03-125-W, Doc. 177; Case No. CIV-03-1465-W, Doc. 160.

[10] See Case No. CIV-03-99-W, Doc. 169; Case No. CIV-03-125-W, Doc. 179; Case No. CIV-03-1465-W, Doc. 162.

[11] See Case No. CIV-03-99-W, Doc. 175; Case No. CIV-03-125-W, Doc. 184; Case No. CIV-03-1465-W, Doc. 166.